**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ANTHONY BRIAN MALLGREN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  1:26-cv-01122 (UNA) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM OPINION</u>**

This matter is before the Court on its initial review of Plaintiff's *pro se* Complaint ("Compl."), ECF No. 1, and Application for Leave to Proceed *in forma pauperis*, ECF No. 2.  The Court grants the *in forma pauperis* application, and for the reasons explained below, dismisses the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), by which the Court is required to dismiss a case "at any time" it determines that the action is frivolous.

Relevant here, "[a] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Plaintiff, a resident of New York, sues the United States. *See* Compl. at 1.  He presents a handful of disparate cryptic allegations, including, *inter alia*, that he has found "education to be a means of indoctrination where students are taught to make their vulgarities more tenable;" "that the courts operate under the guise of equitable redistribution of assets to ensure ethical behavior, though only serves as a matter of sponsorship, partly in incentivizing Fraudulent Subject Matter;"

"the freedom to elect representatives has fallen into the offsetting of civic accountability unto what serves as, notwithstanding significant societal agitation, purely as subject of emotionally compensating ridicule;" "Contemporary Elected Jesters are utilized by emotionally disturbed capital electees, mostly chosen in at least subconscious protest of human existence, aim to utilizes these societal mechanisms in manufacturing dependence in some sort of desperate grab for a sense of societal importance;" "[t]he executive branch, being part of the Contemporary Elected Jesters, have partaken in Plotted Dependencies and tried to maintain a guise of goodwill by selectively prosecuting transgressions against transgressors, though is quite liberal in their seeming discretion of allowance;" and, that "people have grown tired of the above and sought meaning in creating an artificial superintelligence." *See id.* at 1–2.   He demands that the Court "Dissolve False Paid Protection," "Unwind Plotted Dependencies," "Disincentivize Artificial Replication," "Discontinue Judicious Fraud," and "Disaccredit Fraudulent Subject Matter." *See id*. at 2.

Plaintiff's allegations are frivolous, and the Court cannot exercise subject matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). Indeed, a court is obligated to dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e]

events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307–08.  Plaintiff's

Complaint falls squarely into his category.

For all of these reasons, this matter is dismissed without prejudice.  An Order consistent

with this Memorandum Opinion is issued separately.

Date:   June 16, 2026

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge